Justice KITTREDGE.
I respectfully dissent. I would affirm the court of appeals in result. I begin by commending Justice Beatty on his well-written and thorough opinion. I further take no issue with the finding of error concerning the challenged jury instruc *208 tions related to Tonia Colvin. However, given the verdict form and the jury’s determinations that CSX Transportation and the South Carolina Department of Transportation were not negligent in the first instance, I would find the erroneous jury instructions did not prejudice Petitioner.
The Court finds no reversible error in the jury’s findings of no negligence against CSX and SCDOT, while finding a new trial is warranted due to jury instructions related to Colvin. The Court even speculates that “the jury may have concluded that Colvin’s negligence superseded any admitted or proven negligence of CSX or SCDOT.” The jury’s findings of no negligence against CSX and SCDOT preclude such speculation. Absent a reversible error in a jury’s findings, I believe the law requires a court to give effect to the jury’s determinations.
On a final note, this appeal presents the frequent tension between the practical realities of jury deliberations and established legal principles. The established principle at issue here is seen in the jury’s threshold findings of no negligence against CSX and SCDOT. As a practical matter, is it possible that the jury ignored the trial court’s instructions and allowed its possible view of Colvin’s alleged responsibility for the accident to influence the verdict of no negligence against CSX and SCDOT? The answer is, of course, yes. Yet there are compelling policy reasons to resist such speculation and for honoring the agreed-upon verdict form. In sum, because the jury determined that CSX and SCDOT were not negligent, the unrelated erroneous jury instructions should not serve as a basis for granting a new trial.
PLEICONES, J., concurs.